IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2022 JAN 27 P 2: 20
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| STEVEN CLAYTON THOMASON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DEUTSCHE BANK NATIONAL )<br>TRUST COMPANY, AS )<br>TRUSTEE FOR HOME EQUITY )<br>MORTGAGE LOAN ASSET- )<br>BACKED TRUST SERIES )<br>INABS 2006-A, HOME EQUITY )<br>MORTGAGE LOAN ASSET- )<br>BACKED CERTIFICATES )<br>SERIES INABS 2006-A, )<br>)<br>Defendant. | **21-cv-_____**<br><br>2:22-cv-00052-RAH-KFP |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2006-A, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES INABS 2006-A (hereinafter the "Trustee"), while fully reserving its right to object to service, jurisdiction, and venue, and without waiving any of its other defenses or objections, removes to this Court the civil action styled, *Thomason v. Deutsche Bank*, No. 03-CV-2021-000589, which was originally filed in the Circuit Court of Montgomery County, Alabama, by Plaintiff Steven Clayton Thomason (hereinafter "Thomason").

1

## TIMELINESS OF NOTICE OF REMOVAL

1. The state court sent the summons and complaint by certified mail to "Deutsche Bank" at 60 Wall Street, New York, NY 10005.

2. While the Trustee disputes that service was effective in New York, the summons and complaint were delivered to the Trustee on or about December 29, 2021. Consequently, removal is timely under 28 U.S.C. § 1446(b)(1).

## DIVERSITY JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**A.  Diversity of Citizenship**

4. Thomason is a citizen of Alabama because he is domiciled in Alabama.[1] (See Compl. at ¶ 1.) Thomason resides at his primary residence located at 901 Seibles Road, Montgomery, Alabama 36116 (the "Property") and intends to remain there. His intent to remain there is evidenced by his claims seeking to maintain ownership of and residence at the Property. (See, e.g., Compl. at ¶ 3 (Thomason "has an interest in the right to retain ownership and title to his home, as well as the

---

[1] A removing party must only plausibly allege citizenship consistent with the Federal Rules of Civil Procedure. See generally Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure . . . [and] requires only that the grounds for removal be stated in 'a short and plain statement'"); Gallion v. Zoe's Restaurants, LLC, 524 F.Supp.3d 1236, 1239 (M.D. Ala. 2021) ("The Supreme Court has interpreted [§ 1446] to have the same liberal pleading standard as that of a complaint in federal court.").

right to peacefully possess and enjoy his home.").) Based on Thomason's complaint, there is evidence to demonstrate that he intends to make the Property his home indefinitely.

5.  Deutsche Bank National Trust Company is a national banking association with its main office, as designated in its Second Amended and Restated Articles of Association, in California. (See Ex. 1.)

6.  "[N]ational banking associations shall…be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this language to mean that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). Deutsche Bank National Trust Company has its main office in California, and is a citizen of California for purposes of diversity jurisdiction.

7.  Accordingly, this Court has jurisdiction because complete diversity exists between the parties. 28 U.S.C. § 1332(a)(1).

**B.   The Amount In Controversy Is Satisfied**

8.  Thomason's complaint asserts various state law claims pertaining to an alleged wrongful foreclosure. (Compl. at ¶ 3.) Thomason's complaint expressly seeks to recover $250,000 in "maintenance upkeep" and to enforce a mechanics lien he filed. (Compl. at ¶ 48.) Thomason's complaint also seeks to set aside the Trustee's

3

foreclosure (Compl. at ¶¶ 15–25) and extinguish the debt alleged in the complaint to be $78,375 at the time of origination (Compl. at ¶ 5.) Thomason asserts that "any claim for any loans or monies secured, including Defendant Deutsche Bank's present claim, was 'extinguished' when Priscilla L. Thomason's interest in the property ceased upon her death in 2009." (Compl. at ¶ 30.) Because Thomason demands monetary damages valued in excess of $75,000.00 and equitable relief valued in excess of $75,000.00, which this Court may aggregate to calculate the amount in controversy, the amount in controversy is satisfied.

9.  Thomason's request for equitable relief is valued in excess of $75,000.00. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000). The court established that "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Id. Thomason seeks two types of equitable relief. First, he seeks preliminary and permanent injunctions "preventing Defendant Deutsche Bank, and/or any purchaser or assignee of the subject mortgage from unlawfully foreclosing's [sic] on his home." (Compl. at ¶ 33.) Second, he requests that this Court "declare the subject property free and clear of such encumbrance." (Compl. at ¶ 33.)

10. By seeking to set aside the foreclosure, and by seeking a permanent injunction against future foreclosures, the entire value of the property becomes at issue. Courts have held that it is appropriate to use the "'value of the property itself'" when measuring "'the value of th[e rights at stake when a foreclosure is at issue].'" Mapp v. Deutsche Bank Nat. Tr. Co., No. 3:08-CV-695-WKW, 2009 WL 3664118, at *4 (M.D. Ala. Oct. 28, 2009) (quoting Garland v. Mortgage Elec. Registration Sys., Inc., Nos. 09-71, 09-72, 09-342, 09-430, 2009 WL 1684424 at *2 (D. Minn. June 16, 2009)). If a permanent injunction were granted, the Thomason would "obtain" the benefit of "the right to retain ownership and title to his home, as well as the right to occupy the home." Id. Therefore, "ownership, title and possession…represent the value of the rights sought to be protected by an injunction enjoining the foreclosure." Id. "In monetary terms, these benefits, objects and rights are best measured by the value of the home itself." Id. Thomason's complaint alleges that the original loan was $78,375.00. (Compl. at ¶ 5.) The tax assessor values the property at $123,900. (Ex. 2.) Consequently, the amount in controversy is satisfied.

11. Thomason's request to "declare the subject property free and clear" of the mortgage also satisfies the amount in controversy. The exhibits to Thomason's complaint establish that the amount due and payable, which is secured by the mortgage, now exceeds $145,529.13. (Compl. at Ex. 3.) Consequently, the amount in controversy is satisfied.

12. To calculate the amount in controversy, a court aggregates the amount in controversy for Thomason's wantonness claim with the amount in controversy for the equitable relief he requests. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 585 (2005). Aggregating all relief together, the amount in controversy is satisfied because Thomason seeks equitable and monetary relief, which includes attorney's fees. See Hartung v. PHH Mortg. Corp., No. 1:21-cv-00099-CG-C, 2021 U.S. Dist. LEXIS 129792, at *10 (S.D. Ala. July 9, 2021).

13. Consequently, the four corners of Thomason's complaint establish that the amount in controversy is satisfied.

## VENUE

14. Under 28 U.S.C. § 1441(a), this action may be removed to the district court and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Middle District of Alabama, Northern Division, as this is the district embracing Montgomery County, Alabama—the location of the pending state court action.

## PROCEDURAL COMPLIANCE

15. Because the Trustee is the only defendant, 28 U.S.C. § 1446(b)(2)(A) is satisfied.

16.     Pursuant to 28 U.S.C. § 1446(a), the Trustee has attached as Exhibit 3 "a copy of all process, pleadings, and orders served upon" the Trustee through this date.

17.     Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, the Trustee will send written notice and a copy of the Notice of Removal to the Thomason and will file a copy of the Notice of Removal with the Circuit Clerk for Montgomery County, Alabama. A copy of the state court filing is attached as Exhibit 4 to this Notice of Removal.

WHEREFORE, the Trustee prays that this Notice of Removal be deemed good and sufficient, that Thomason's complaint be removed from the Circuit Court of Montgomery County, Alabama, to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from said state court and thereupon proceed with this civil action as if it had originally been commenced in this Court.

/s/ Christopher A. Bottcher
_____
T. Dylan Reeves
Christopher A. Bottcher
Attorney For DEUTSCHE BANK
NATIONAL TRUST COMPANY, as
Trustee for HOME EQUITY MORTGAGE
LOAN ASSET-BACKED TRUST Series
INABS 2006-A, HOME EQUITY
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES Series INABS 2006-A

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
cbottcher@mcglinchey.com

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2022, I filed the foregoing with the Clerk of the Court using FedEx, and will send notification of such filing via U.S. mail to the following:

Steven Clayton Thomason
901 Seibles Road
Montgomery, AL 36116

_____
OF COUNSEL