IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

Clayton Thomason

Plaintiff,

V.

Deutsche Bank Trustee for Home Equity Mortgage

Loan Asset- Backed Trust Series INABA 2006-A

Home Equity Mortgage Loan asset- Backed

Certificates Series INABS2006-A8

Defendant,

## Motion to Set Aside Foreclosure

### under Alabama Code Title 6. Civil Practice § 6-9-147

Comes now the Plaintiff, Steven Clayton Thomason, files this motion to (1) set aside the foreclosure, done by the Defendant (hereinafter referred to as "Deutsch Bank") seeking (2) a preliminary injunction, (3) a permanent injunction and (4) claiming wantonness against Deutsch Bank. This Court has full power over their officer's making execution or judicial sales, and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity, or error to the injury of either party, the sale will be set aside.

## PARTIES

1. Plaintiff Clayton Thomason is the homeowner of the subject property located at 901 Seibles Road, Montgomery, Alabama, 36116, and resides in Montgomery County, Alabama. Plaintiff is a widower with two daughters, and the subject property is the family home that passed outside of Probate to Clayton Thomson as joint owner with right of survivorship in 2009.

2. Defendant Deutsche Bank is located at 60 Wall Street, New York, NY 10005, asserting that it is the Trustee for Home Equity Mortgage Loan Asset- Backed Trust Series INABA 2006-A, Home Equity Mortgage Loan asset- Backed Certificates Series INABS2006-A8. Deutsche Bank did an illegal foreclosure on Clayton Thomason home in Montgomery County, Alabama, on September 29, 2021, without the proper notice or authority.

## JURISDICTION AND VENUE

3. Plaintiff Clayton Thomason seeks to set aside the foreclosure and equitable relief, a preliminary and permanent injunction, and attorney's fees due to the Defendant's unlawful non-judicial foreclosure of the Plaintiff's property . The plaintiff has an interest in the right to retain ownership and title to his home, as well as the right to peacefully possess and enjoy his home. See e.g., Bourgeois v. Wells Fargo Bank, N.A., No. 10-626, 2011 U.S. Dist. LEXIS 24029, 2011 WL 836677, at *5 (S.D. Ala. Feb. 16, 2011).( See also  a plaintiff's equity in the real estate subject to foreclosure. See Strickland v. MERSCORP, Inc., 2016 U.S. Dist. LEXIS 145188 (M.D. Ala. 2016).

4. Venue is proper as the subject property and the Defendant's unlawful foreclosure is in Montgomery County, Alabama, and within the Montgomery County Circuit Court 15th Division of the State of Alabama.

## STATEMENT OF FACTS

5. In 2005, under Alabama law, Priscilla L. Thomason and Clayton Thomason jointly owned the subject property located at 901 Seibles Road, Montgomery, Alabama, 36116, with right of survivorship. On or about November 28, 2005, Plaintiff's wife, Priscilla L. Thomason, now deceased, borrowed $78,375.00 from Eva Bank pursuant to two separate promissory notes. Only Priscilla L. Thomason signed these notes. Plaintiff Clayton Thomason did not sign a note or a loan, nor was Clayton Thomason a named borrower under any terms of any note or loan.

6. At the closing in 2005, and due to the high variable interest rates of each note, Eva Bank verbally informed Priscilla L. Thomason, deceased, that it would re-finance each note with her after two years, and create a single note with Priscilla L. Thomason at a more acceptable and agreeable fixed interest rate. See Exhibit 1

Affidavit of Eva's Bank Brooker Luscious Trimble. Eva Bank engaged in Fraud and refused to honor the agreement, it made in the closing.

7. As security, Priscilla L. Thomason and Clayton Thomason signed a mortgage to MERS, a nominee for Eva Bank, and its successors and assigns.

8. From 2005 through 2011, each note signed by Priscilla L. Thomason and the mortgage was sold or otherwise transferred to Indy Mac Bank, FDIC (pursuant to TARP Programs), One West Bank, and finally, to Defendant Deutsche Bank. The Thomason's made multiple attempts to enforce the Closing agreement but for years all the successors and assigns refuse to modify the loans into one loan with a fair interest rate and denied Plaintiff's Ownership of the Property. Plaintiff has required maintenance upkeep of the property that totals over $250,000.00 with $180,000.00 contract ongoing since 2019 with AWA Inc, due to flooding and termite damage. (See Exhibit 6 Mechanics Lien)

9. On, October 4, 2009, Priscilla L. Thomason died after a 5-year fight with breast cancer. **No probate estate was created for Priscilla L. Thomason, and, pursuant to Ala. Code (1975) § 35-4-7, the subject property passed directly from Priscilla L. Thomason to Clayton Thomason, as the joint owner with right of survivorship.**

10. Plaintiff Clayton Thomason had signed no note or other negotiable agreement other than the subject mortgage signed at the closing in 2005. Defendant Deutsche Bank, on or about March 28, 2011, notified Clayton Thomason that he had no rights to the property and refused to modify the note to add him to the loan and that it had accelerated the unpaid balance of the debt owed by Priscilla L. Thomason, deceased, and was seeking a non-judicial foreclosure pursuant the mortgage. Clayton Thomason informed Deutsche Bank that Circuit Judge Hardwick had ruled that the property was Plaintiff's upon her death, and they had to deal with Mr. Thomason, Nevertheless Deutsche Bank refused to do as Judge Hardwick Ordered.

11. Thereafter, on February 21, 2012, Defendant Deutsche Bank again notified Clayton Thomason that it had accelerated the mortgage and was seeking a non-judicial foreclosure. Deutsche Bank specifically wrote to Clayton Thomason again claiming acceleration of the unpaid balance of the debt owed by Priscilla L. Thomason, deceased, and was seeking a non-judicial foreclosure pursuant the mortgage scheduled for March 27, 2012. (See Plaintiff's Exhibit 2, attached hereto).

12. On June 28, 2018, more than six years after Defendant Deutsche Bank's election to accelerate the mortgage, Deutsche Bank again sought to foreclose on the subject property. Deutsche Bank notified Clayton Thomason that it would foreclose and sale the property on July 31, 2018. Deutsch Bank postponed the date of foreclosure to January 8, 2019. (See Plaintiff's Exhibit 3, attached hereto) Although Deutsche Bank sought to name the Estate of Priscilla L. Thomason as an owner, no such estate had been created or existed in any Alabama probate court.

13. On February 19, 2019, Clayton Thomason, filed a civil action in the Montgomery County Circuit Court (CV-2020-214) seeking an injunction and compensatory damages due to Deutsch Bank's present unlawful foreclosure attempt barred by the applicable six-year statute of limitations.

14. One month later, on March 18, 2020, a law firm, (identified by correspondence as a "debt collector"), notified Plaintiff that the foreclosure was scheduled for April 21, 2020. (See Plaintiff's Exhibit 4, attached hereto). Defendant Deutsch Bank asserts that a foreclosure was scheduled for June 2, 2020. Deutsche Bank National Trust Company, as Trustee by way of Tiffany & Bosco did on September 29, 2021, illegally Foreclose on Plaintiff's Property without the required notice to Plaintiff or Attorney David Sawyer. See Exhibit 5 attached Foreclosure Deed dated 10-1-2021.

## COUNT I

## FORECLOSURE BE SET ASIDE DUE TO STATUTE OF LIMITATIONS

### Evans v. Kilgore, 246 Ala. 647, 649- 650, 21 So.2d 842, 843 (1945)

15. Plaintiff adopts and incorporates herein paragraphs 1 through 16, above.

16. To set aside the foreclosure, a movant must show: The Court that a sale made under any legal process is infected with fraud, oppression, irregularity, or error to the injury of either party, the sale will be set aside.

17. As stated above, and pursuant to Ala. Code (1975) § 35-4-7, the subject property passed to Clayton Thomason on October 4, 2009, as joint owner of the subject property, with right of survivorship. At that time, there existed no judgment lien, and no attempted execution of any such judgment. Even if the Defendant Deutsch Bank had obtained a judgment lien against Priscilla L. Thomason prior to October 4, 2009, this lien would not be sufficient under Alabama law to operate as a severance of the joint tenancy. As specifically stated by the Alabama Supreme

4

Court, if a judgment debtor should die prior to execution on, sale of, or expiration of the period of redemption after sale of the property subject to the lien, "the surviving tenant becomes the sole owner of the property, free from any lien by reason of the judgment." See Ex parte Arvest Bank, 219 So. 3d 620, (Ala. 2016.) (Emphasis added).

18. Over six years ago, on February 21, 2012, and pursuant to the loan(s) signed by Priscilla L. Thomason in 2005, Deutsche Bank notified the Plaintiff that it had accelerated of the unpaid balance of the debt owed by Priscilla L. Thomason, deceased; and, pursuant to the mortgage, a foreclosure sale was scheduled for March 27, 2012.

19. Now, over eight (9) years later, in 2021, Deutsche Bank has once again allegedly asserted its election to "accelerate" the unpaid balance of the debt owed by Priscilla L. Thomason, deceased, and did foreclose on Plaintiff's Property. According to the Foreclosure deed this foreclosure sale occurred September 29, 2021, the applicable six-year statute of limitations provided by a Secured Instrument under Alabama UCC Articles 3 and 9, Ala. Code (1975) § 7-3-118(a) and (g)), and Ala. Code (1975) § 6-2-34, each specifically and legally prohibit the Defendant's foreclosure.

20. The statute of limitations addressed in Ala. Code (1957) § 7-3-118(a) specifically states: "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." (Emphasis added).

21. While an optional acceleration clause is for the benefit of the creditor, the statute begins to run once the acceleration clause is exercised. Alabama courts have historically considered optional acceleration clauses to be for the benefit of the creditor where "unless he exercises the option, the debt does not mature for the purpose of the statute of limitations until the last installment is due and unpaid." Williamson v. Shoults, 423 So. 2d 874, 877 (Ala. Civ. App. 1982) (citing summers v. Wright, 231 Ala. 372, 165 So. 87 (1935)) (emphasis added).

22. However, when a creditor chooses to invoke the optional acceleration clause, the statute of limitations begins to run on that date. See Evans v. Kilgore, 246 Ala. 647, 649- 650, 21 So.2d 842, 843 (1945) (election to mature entire indebtedness, evidenced by notes secured by mortgage, as of date on which first of notes became due, matured all notes for all purposes on such date, so that action for the balance

due thereon was barred by statute of limitations six years thereafter. See Ruffin v. Nissan Motor Acceptance Corp., 953 F. Supp. 373 (M.D. Ala. 1996) (letter evidencing repossession and acceleration); cf., Smith v. F.D.I.C., 61 F.3d 1552, 1562-63 (11th Cir. 1995)

23. Any default of any note signed by Priscilla L. Thomason, deceased, occurred shortly after her death over eight years ago On October 4, 2009. The undisputed facts in this case clearly demonstrate that Defendant Deutsche Bank elected to accelerate the debt eight years ago, in 2012. When Defendant Deutsche Bank elected to invoke its optional acceleration clause, and seek foreclosure, the six-year statute of limitations began to run at that time.

24. The law does not allow a creditor or mortgagee, such as Deutsche Bank, to claim a renewed six-year period of limitations every occasion it asserts acceleration on the debt and threaten foreclosure. If permitted, a creditor's period of limitations would last indefinitely. Pursuant to Alabama law, when Defendant Deutsche Bank first elected to invoke the optional acceleration clause in the subject mortgage, the six-year statute of limitations began to run on that date.

25. Based upon the facts and applicable law, Plaintiff Clayton Thomason respectfully submits that has presented substantial evidence of (1) a substantial likelihood of his ultimate success on the merits; (2) that the preliminary injunction is necessary to prevent irreparable injury; (3) that his threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) that setting aside the Foreclosure would serve the public interest. WHEREFORE, PREMISES CONSIDERED, Plaintiff Clayton Thomason respectfully requests this Honorable Court to Set Aside the Illegal Non-Judicial Foreclosure that Deutsche Bank National Trust Company as Trustee did September 29, 2021, . Clayton Thomason and his two children maintain a substantial interest in his right to the ownership and title to their home, as well as the right to peacefully possess and enjoy their home.

## COUNT II

### REQUEST PERMANENT INJUNCTION TO PREVENT ANY FUTURE UNLAWFUL FORECLOSURE ATTEMPTS BY DEUTSCHE BANK -NO AUTHORITY TO FORECLOSE PLAINTIFF'S HOME.

See Ex parte Arvest Bank, 219 So. 3d 620 (Ala. 2016); and Harris v. Deutsche Bank Nat'l Trust Co., 141 So. 3d 482 (Ala. 2013)

26. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through above, the same as if more fully set forth herein.

27. The undisputed facts in this case clearly demonstrate the Defendant Deutsch Bank elected to accelerate the debt of Priscilla L. Thomason, deceased, eight years ago, in 2012.

28. The applicable six-year statute of limitations provided by a Secured Instrument under Alabama UCC Articles 3 and 9, Ala. Code (1975) § 7-3-118(a) and (g)), and Ala. Code (1975) § 6-2-34, each prohibit Defendant Deutsch Bank from the present foreclosure and any future attempted foreclosure of the subject property.

29. Plaintiff Clayton Thomason is the owner and residents of the subject property, free and clear from any mortgage, lien, or other encumbrance asserted by Defendant Deutsch Bank and any purchaser, or assignee of the subject loan and/or mortgage. Pursuant to Ala. Code (1975) § 35-10-12, when the power to sell lands is given in any mortgage, the power is part of the security and may be executed only by any person, or the personal representative of any person who, by assignment or otherwise, becomes entitled to the money secured.

30. As stated above, all note(s) signed by Priscilla L. Thomason, deceased, did not operate as a severance of the joint tenancy. Clayton Thomason, the surviving tenant, became the sole owner of the property, free from any lien. See Ex parte Arvest Bank, 219 So. 3d 620 (Ala. 2016). Applying the Alabama Supreme Court's holding in Arvest, supra, any claim for any loans or monies secured, including Defendant Deutsche Bank's present claim, was "extinguished" when Priscilla L. Thomason's interest in the property ceased upon her death in 2009. See Ex parte Arvest Bank, 219 So. 3d 620 (Ala. 2016); and Harris v. Deutsche Bank Nat'l Trust Co., 141 So. 3d 482 (Ala. 2013)

31. Without ownership and/or entitlement to any monies owed by Priscilla L. Thomason, deceased, including, lack of entitlement to any loan or mortgage signed by Priscilla L. Thomason, deceased, Defendant Deutsche Bank attempted foreclosure is in direct violation of Ala. Code (1975) § 35-10-12.

32. Even with a valid ownership interest or entitlement, the applicable six-year statute of limitations provided by a Secured Instrument under Alabama UCC Articles 3 and 9, Ala. Code (1975) § 7-3-118(a) and (g)), and Ala. Code (1975) § 6-2-34, prohibits Defendant Deutsche Bank's illegal foreclosure.

33. WHEREFORE. PREMISES CONSIDERED; Plaintiff Clayton Thomason respectfully requests this Honorable Court to Set aside the Illegal Foreclosure an issue Permanent Injunction preventing Defendant Deutsche Bank, and/or any purchaser or assignee of the subject mortgage from any future unlawfully foreclosing's on his home; and further declare the subject property free and clear of such encumbrance.

## COUNT III

## STATE LAW CLAIM - WANTONNESS

### Ala. Code (1975) § 35-10-12.

34. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 35. above, the same as if more fully set forth herein.

36. In 2021, without legal grounds, with a reckless or conscious disregard of the rights of Clayton Thomason, and beyond the applicable six-year statute of limitations, Defendant Deutsche Bank has wantonly foreclosed on the Plaintiff's home property.

37. In October 2009, pursuant to Ala. Code (1975) § 35-4-7, the subject property passed directly by Alabama law from Priscilla L. Thomason, deceased, to Clayton Thomason, as joint owner with right of survivorship, free from any lien.

38. Pursuant to Ala. Code (1975) § 35-10-12, when the power to sell lands is given in any mortgage, the power is part of the security and may be executed only by any person, or the personal representative of any person who, by assignment or otherwise, becomes entitled to the money secured.

39. As stated above, all note(s) signed by Priscilla L. Thomason, deceased, did not operate as a severance of the joint tenancy. Clayton Thomason, the surviving tenant, became the sole owner of the property, free from any lien. See Ex parte Arvest Bank, 219 So. 3d 620 (Ala. 2016).

40. Defendant Deutsche Bank, an agent to whom Clayton Thomason's mortgage was delivered as security for any loan(s) signed only by Priscilla L. Thomason, has no ownership of the rights to any monies owed under Alabama law. Again, Priscilla L. Thomason's loan(s), and any party's "right to any monies owed," were extinguished at the time of her death in 2009. See Ex parte Arvest Bank, 219 So. 3d 620 (Ala. 2016); and Harris v. Deutsche Bank Nat'l Trust Co., 141 So. 3d 482 (Ala. 2013)

41. Without ownership and/or entitlement to any monies owed by Priscilla L. Thomason, deceased, including, but not limited to the repayment of any loan signed by Priscilla L. Thomason, deceased, Defendant Deutsche Bank is acting in violation of Ala. Code (1975) § 35-10-12.

42. By conducting the present foreclosure of Plaintiff's property, without ownership or entitlement to any monies, and acting beyond the six-year statute of limitations established by Alabama law, Defendant Deutsche Bank has wantonly foreclosed on the Plaintiff's subject property with a reckless or conscious disregard of the rights of Clayton Thomason, causing him to suffer severe mental anguish and emotional distress. See Givens v. Saxon Mortgage Servs., Inc., U.S. Dist. LEXIS 74395, 2014 WL 2452891, at *13-15 (S.D. Ala. 2014).

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant Plaintiff the following relief: a) Set Aside the Illegal Foreclosure. b: Issue an injunction to prevent any future attempts.

## COUNT IV

### PLAINTIFF'S PROPERTY REPAIRS ARE UNPAID AND ARE MORE THAN FORECLOSURE AMOUNT, PLAINTIFF HAS GREATER SECURITY INTEREST AND CLAIM.

### Alabama Code Subsection 35-11-1, et.

44. Plaintiff repeats, realleges, and incorporates by reference paragraphs 7 through 10 above, the same as if more fully set forth herein.

45. In 2021, without legal grounds, with a reckless or conscious disregard of the rights of Clayton Thomason, and beyond the applicable six-year statute of limitations, Defendant Deutsche Bank has wantonly foreclosed on the Plaintiff's home property.

46. In October 2009, pursuant to Ala. Code (1975) § 35-4-7, the subject property passed directly by Alabama law from Priscilla L. Thomason, deceased, to Clayton Thomason, as joint owner with right of survivorship, free from any lien.

47. As security, Priscilla L. Thomason and Clayton Thomason signed a mortgage to MERS, a nominee for Eva Bank, and its successors and assigns.

9

48. From 2005 through 2011, each note signed by Priscilla L. Thomason and the mortgage was sold or otherwise transferred to Indy Mac Bank, FDIC (pursuant to TARP Programs), One West Bank, and finally, to Defendant Deutsche Bank. The Thomason's made multiple attempts to enforce the Closing agreement but for years all the successors and assigns refuse to modify the loans into one loan with a fair interest rate and denied Plaintiff's Ownership of the Property. Plaintiff has required maintenance upkeep of the property that totals over $250,000.00 with $180,000.00 contract ongoing since 2019 with AWA Inc, due to flooding and termite damage. (See Plaintiff's exhibit 6 Mechanics Lien)

49. On, October 4, 2009, Priscilla L. Thomason died after a 5-year fight with breast cancer. **No probate estate was created for Priscilla L. Thomason, and, pursuant to Ala. Code (1975) § 35-4-7, the subject property passed directly from Priscilla L. Thomason to Clayton Thomason, as the joint owner with right of survivorship.**

50. Plaintiff Clayton Thomason had signed no note or other negotiable agreement other than the subject mortgage signed at the closing in 2005. Defendant Deutsche Bank, on or about March 28, 2011, notified Clayton Thomason that he had no rights to the property and refused to modify the note to add him to the loan and that it had accelerated the unpaid balance of the debt owed by Priscilla L. Thomason, deceased, and was seeking a non-judicial foreclosure pursuant the mortgage. Clayton Thomason informed Deutsche Bank that Circuit Judge Hardwick had ruled that the property was Plaintiff's upon her death, and they had to deal with Mr. Thomason, Nevertheless Deutsche Bank refused to do as Judge Hardwick Ordered.

Respectfully Submitted,

Steven Clayton Thomason

12-13-2021

## CERTIFICATE OF SERVICE

I certify that on this 13th day of December 2021, I have served a copy of the above Plaintiff's Motion to Set Aside Foreclosure Complaint on the following counsel for the named Defendant: T. Dylan Reeves Joseph V. Ronderos Deutsche Bank National Trust Company OF COUNSEL: McGlinchey Stafford 505 North 20th Street, Suite 800 Birmingham, AL 35203

*[signature]* 12-13-2021

*Ex 1*

# A F F I D A V I T

*October 7, 2016*

My name is Luscious Trimble I am over the age of 19 and I reside in the State of Alabama. On or about the 28th of November 2005 I served as the Broker for Eva Bank, 2915 Clairmont Ave, Birmingham, Al 35205 and Priscilla and Clayton Thomason concerning property located 901 Seibles Road, Montgomery Al 36116. I was present at the closing and did use Mr. Pitts as the Closing Attorney for Eva Bank. The instructions for the Closing as well as the terms all came from Eva Bank. I was instructed by the Bank to tell the Thomason's that they could refinance after They held the loan for 2 years and this was a common practice of Eva Bank and The industry as a whole during that time period. I further agree that such practices were extremely common during that time period.

THE STATE OF ALABAMA

*Montgomery* COUNTY

I, a Notary Public, hereby certify that *Lucious Trimble Jr.* whose name is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand this *7th* day of *October*, A.D. 20 *16*

Notary Public

Print Name *Michael Heacock*

My commission expires:

MICHAEL HEACOCK

*Ex 2*

CYNTHIA W. WILLIAMS
ATTORNEY AT LAW
(205) 930-5200



**Sirote**
Sirote & Permutt, PC

February 21, 2012

Priscilla L. Thomason
Clayton Thomason
901 Seibles Road
Montgomery, AL 36116

901 Seibles Road
Montgomery, AL 36105

RE:    NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE –
       901 SEIBLES ROAD, MONTGOMERY, AL 36105

YOU ARE HEREBY NOTIFIED that you are in default of the terms of the Promissory Note and Mortgage dated the 28th day of November, 2005, to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for EvaBank. Your mortgage loan, originated to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for EvaBank, later sold to Deutsche Bank National Trust Company, as Trustee of the Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A under the Pooling and Servicing agreement dated Jan 1, 2006. By virtue of default in the terms of said Note and Mortgage, Deutsche Bank National Trust Company, as Trustee of the Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A under the Pooling and Servicing agreement dated Jan 1, 2006 hereby accelerates to maturity the entire remaining unpaid balance of the debt, including attorney's fees, accrued interest, and other lawful charges, and the amount due and payable as of the date of this letter is $80,749.99. This payoff amount may change on a daily basis. If you wish to pay off your mortgage, please call our office at the number above to obtain the updated figure.

We are at this time commencing foreclosure under the terms of the Mortgage, and enclosed is a copy of the foreclosure notice to be published in the Montgomery Independent. Please note that the foreclosure sale is scheduled for March 27, 2012. If you wish to avoid losing the subject property, you must contact us immediately; otherwise, the foreclosure sale will take place as set forth in the publication notice, and we will take legal action to obtain possession of the subject property. For any information regarding this matter, please call (205) 930-5200.

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH     BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727     BIRMINGHAM, ALABAMA 35255-5727
URL | http://www.sirote.com



B i r m i n g h a m   |   H u n t s v i l l e   |   M o b i l e



Elizabeth Loefgren
ATTORNEY AT LAW
(205) 930-5200



**Sirote**

Sirote & Permutt, PC

June 28, 2018

Estate of Priscilla L. Thomason
Clayton Thomason

**VIA REGULAR MAIL AND CERTIFIED MAIL – Tracking #: 9407 1106 9994 5032 4885 17**
901 Seibles Road
Montgomery, AL 36105

**VIA REGULAR MAIL TO:**
901 Seibles Road
Montgomery, AL 36116

RE:     NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE
         Our Client/Loan Servicer:  Ocwen Loan Servicing, LLC, as servicer for Deutsche Bank National
         Trust Company, as Trustee of Home Equity Mortgage Loan Asset-Backed Trust Series INABS
         2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A
         Creditor to Whom the Debt is Owed: Deutsche Bank National Trust Company, as Trustee of Home
         Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan
         Asset-Backed Certificates, Series INABS 2006-A
         Loan No: 7192140387

Our law firm has been retained to foreclose that certain Mortgage dated the 28th day of November, 2005,
for the above-referenced loan.  The following information is being provided pursuant to applicable laws.

YOU ARE HEREBY NOTIFIED that the terms of the Promissory Note and Mortgage for the above
referenced loan dated the 28th day of November, 2005, are in default.  By virtue of default in the terms of
said Note and Mortgage, Deutsche Bank National Trust Company, as Trustee of Home Equity Mortgage
Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates,
Series INABS 2006-A, the creditor to whom the debt is owed, hereby accelerates to maturity the entire
remaining unpaid balance of the debt, including attorney's fees, accrued interest, and other lawful charges.
The amount due and payable as of the date of this letter is **$145,529.13.**  As a result of interest, late charges,
and other charges, this payoff amount may change on a daily basis.  If you wish to pay off your mortgage,
please call our office at (205) 930-5200 to obtain an updated figure.  Additionally, if you are interested in
foreclosure alternatives, please contact your servicer, Ocwen Loan Servicing, LLC at 1-800-746-2936.

We are at this time commencing foreclosure under the terms of the Mortgage, and enclosed is a copy of the
foreclosure notice.  Please note that the foreclosure sale is scheduled for July 31, 2018.  For further
information regarding this matter, please call (205) 930-5200, between the hours of 8:00 a.m. and 5:00 p.m.

*LAW OFFICES AND MEDIATION CENTERS*

2311 HIGHLAND AVENUE SOUTH     BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727     BIRMINGHAM, ALABAMA 35255-5727
URL  |  *http://www.sirote.com*

Version 1.1

**Birmingham    Huntsville    Mobile    Fort Lauderdale    Orlando    Pensacola**




*Ex 3*
*Pg 2 of 2*

THIS PROPERTY WILL BE SOLD ON AN "AS IS, WHERE IS" BASIS, WITHOUT WARRANTY OR RECOURSE, EXPRESSED OR IMPLIED AS TO TITLE, USE AND/OR ENJOYMENT AND WILL BE SOLD SUBJECT TO THE RIGHT OF REDEMPTION OF ALL PARTIES ENTITLED THERETO.

Alabama law gives some persons who have an interest in property the right to redeem the property under certain circumstances. Programs may also exist that help persons avoid or delay the foreclosure process. An attorney should be consulted to help you understand these rights and programs as a part of the foreclosure process.

This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expenses of foreclosure.

The successful bidder must tender a non-refundable deposit of Five Thousand Dollars ($5,000.00) in certified funds made payable to Sirote & Permutt, P.C. at the time and place of the sale. The balance of the purchase price must be paid in certified funds by noon the next business day at the Law Office of Sirote & Permutt, P.C. at the address indicated below. Sirote & Permutt, P.C. reserves the right to award the bid to the next highest bidder should the highest bidder fail to timely tender the total amount due.

The Mortgagee/Transferee reserves the right to bid for and purchase the real estate and to credit its purchase price against the expenses of sale and the indebtedness secured by the real estate.

This sale is subject to postponement or cancellation.

Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A, Mortgagee/Transferee

Jahan Berns
SIROTE & PERMUTT, P.C.
P. O. Box 55727
Birmingham, AL 35255-5727
Attorney for Mortgagee/Transferee
www.sirote.com/foreclosures
312588

JAHAN BERNS
ATTORNEY AT LAW



**TIFFANY & BOSCO**
P.A.

March 18, 2020

Ex. 4

Estate of Priscilla L. Thomason
Clayton Thomason

**VIA REGULAR MAIL AND CERTIFIED MAIL - Tracking #: 9407 1106 9994 5048 8852 25**
901 Seibles Road
Montgomery, AL 36105

**VIA REGULAR MAIL**
901 Seibles Road
Montgomery, AL 36116

RE:     Foreclosure Publication Notice — Loan #7192140387

The terms of the Promissory Note and Mortgage loan with Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A are currently in default. Due to the default in the terms of the Note and Mortgage, we have been instructed to foreclose the property described in the enclosed publication notice.

The foreclosure sale is scheduled for April 21, 2020. If you are interested in foreclosure alternatives, please contact your servicer, PHH Mortgage at 1-800-746-2936.

For further information regarding this matter, call (205) 930-5200, between the hours of 8:00 a.m. and 5:00 p.m.

If you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt. Our client has a security interest in the property and will only exercise its rights as against the property.

Alabama law gives some persons who have an interest in property the right to redeem the property under certain circumstances. Programs may also exist that help persons avoid or delay the foreclosure process. An attorney should be consulted to help you understand these rights and programs as a part of the foreclosure process.

This communication is from a debt collector.

Please note Tiffany & Bosco, P.A. acquired the mortgage services division of Sirote & Permutt, P.C. on March 2, 2020.

Tiffany & Bosco, P.A.

Financial Services Department

cc:     PHH Mortgage

2311 Highland Avenue South
Suite 330
Birmingham, AL 35205
Telephone: (205) 930-5200



Ex 5
Pg 1 of 4

Page 5460849 of 4 from BK: 05687 PG:0650 Last PG: 0653

RLPY Book 05687 Page 0650

SEND TAX NOTICE TO:
Deutsche Bank National Trust Company, as Trustee
for Home Equity Mortgage Loan Asset-Backed Trust
Series INABS 2006-A, Home Equity Mortgage Loan
Asset-Backed Certificates, Series INABS 2006-A
One Mortgage Way
Mt Laurel, NJ 08054
TB File No.: 20-02899

STATE OF ALABAMA    )

MONTGOMERY COUNTY    )

### FORECLOSURE DEED

KNOW ALL MEN BY THESE PRESENTS, that

WHEREAS, heretofore, on to wit, November 28, 2005, Priscilla L. Thomason and Clayton Thomason, husband and wife, executed that certain mortgage on real property hereinafter described to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for EvaBank, which said mortgage was recorded in Book 03232, Page 0807 in the Office of the Judge of Probate of Montgomery County, Alabama; said mortgage subsequently transferred and assigned to Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A by instrument recorded in Book 4121, Page 0379 in the aforesaid Probate Office (hereafter "Transferee" and

WHEREAS, in and by said mortgage, the Transferee was authorized and empowered in case of default in the payment of the indebtedness secured thereby, according to the terms thereof, to sell said property before the Courthouse door in the City of Montgomery, Montgomery, County Alabama, after giving notice of the time, place, and terms of said sale in some newspaper published in said County by publication once a week for three (3) consecutive weeks prior to said sale at public outcry for cash, to the highest bidder, and said mortgage provided that in case of sale under the power and authority contained in same, the Transferee or any person conducting said sale for the Transferee was authorized to execute title to the purchaser at said sale; and it was further provided in and by said mortgage that the Transferee may bid at the sale and purchase said property if the highest bidder thereof; and

WHEREAS, default was made in the payment of the indebtedness secured by said mortgage, and the said Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A did declare all of the indebtedness secured by said mortgage, subject to foreclosure as therein provided and did give due and proper notice of

Page 5460849 of 4 from BK: 05687 PG:0650 Last PG: 0653
RLPY Book 05687 Page 0651

the foreclosure of said mortgage by publication in the The Montgomery Independent, a newspaper of general circulati published in Montgomery County, Alabama, in its issues of March 26, 2020, April 2, 2020 and April 9, 2020; and

WHEREAS, on September 29, 2021, the day on which the foreclosure was due to be held under the terms of st notice, between the legal hours of sale, said foreclosure was duly conducted, and Deutsche Bank National Trust Compar as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Lo Asset-Backed Certificates, Series INABS 2006-A did offer for sale and sell at public outcry in front of the Courthou door in Montgomery, Montgomery County, Alabama, the property hereinafter described; and

WHEREAS, Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Back Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A was th highest bidder and best bidder in the amount of One Hundred Seventy-Three Thousand Nine Hundred Eighty And 38/10 Dollars ($173,980.38) on the indebtedness secured by said mortgage, the said Deutsche Bank National Trust Company, a Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asse Backed Certificates, Series INABS 2006-A, by and through Tiffany & Bosco, P.A., as attorney for said Transferee, doe hereby remise, release, quit claim and convey unto Deutsche Bank National Trust Company, as Trustee for Home Equit Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificate Series INABS 2006-A all of its right, title, and interest in and to the following described property situated in Montgomer County, Alabama, to-wit:

Commencing at the Northwest corner of the Southeast Quarter of the Northwest Quarter of Section 5, Township 15 North, Range 18 East, thence South 01 degrees 07 minutes 26 seconds East along the West line of sai Southeast Quarter a distance of 672.85 feet to the point of beginning of the property herein described; thence continue South 01 degrees 07 minutes 26 seconds East along the West line of said Southeast Quarter a distance of 268.95 feet to a point on the North right-of-way of Seibles Road; thence South 62 degrees 11 minutes 27 second East along said right-of-way 120.00 feet; thence North 27 degrees 48 minutes 33 seconds East a distance of 235.38 feet; thence North 62 degrees 11 minutes 27 seconds West a distance of 250.11 feet to the point o beginning.

TO HAVE AND TO HOLD the above described property unto Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A, forever; subject, however, to the statutory rights of redemption from said foreclosure sale on the part of those entitled to redeem as provided by the laws in the State of Alabama; and also subject to all recorded mortgages, encumbrances, recorded or unrecorded easements, liens, taxes, assessments, rights-of-way, and other matters of record in the aforesaid Probate Office.

EX 2
pg 30 F4

RLPY Book 05887 Page 0652

IN WITNESS WHEREOF, Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006 A, has caused this instrument to be executed by and through Tiffany & Bosco, P.A., as attorney for said Transferee and said Tiffany & Bosco, P.A., as said attorney, has hereto set its hand and seal on this _1st_ day of _October_, 2021.

Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A

By: Tiffany & Bosco, P.A.
Its: Attorney

By: _____
Stephen Collins, Esq.

STATE OF ALABAMA      )

JEFFERSON COUNTY      )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Stephen Collins, whose name as attorney of Tiffany & Bosco, P.A., a professional association, acting in its capacity as attorney for Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A, is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this date, that being informed of the contents of said conveyance, he/she, as such attorney and with full authority, executed the same voluntarily for and as the act of said professional association, acting in its capacity as attorney for said (Transferor).

Given under my hand and official seal on this _1st_ day of _October_, 2021.

_____
Notary Public
My Commission Expires:

MY COMMISSION EXPIRES 03/29/2023

This instrument prepared by:
Stephen Collins, Esq.
TIFFANY & BOSCO, P.A.
2311 Highland Avenue South
Suite 330
Birmingham, Alabama 35205



*Ex 5*
*Pg 4 of 4*

Page 5460849 of 4 from BK: 05687 PG:0650 Last PG: 0653
RLPY Book 05687 Page 0653

### REAL ESTATE SALES VALIDATION FORM

*This Document must be filed in accordance with Code of Alabama 1975, Section 40-22-1*

| Grantor's Name | Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A | Grantee's Name | Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A |
|---|---|---|---|
| Mailing Address | One Mortgage Way Mt Laurel, NJ 08054 | Mailing Address | One Mortgage Way Mt Laurel, NJ 08054 |
| Property Address | 901 Seibles Road, Montgomery, AL 36105 | Date of Sale | September 29, 2021 |
| | | Total Purchase Price | $173,980.38 |
| | | or Actual Value | $ |
| | | or Assessor's Market Value | $ |

The purchase price or actual value claimed on this form can be verified in the following documentary evidence: (check one) (Recordation of documentary evidence is not required)

___ Bill of Sale          ___ Appraisal

___ Sales Contract          X  Other  Foreclosure Bid Price

___ Closing Statement

If the conveyance document presented for recordation contains all of the required information referenced above, the filing of this form is not required.

I attest, to the best of my knowledge and belief that the information contained in this document is true and accurate. I further understand that any false statements claimed on this form may result in the imposition of the penalty indicated in Code of Alabama 1975 § 40-22-1 (h).

Date  10/01/2021          Print  Coron Johnston

___ Unattested          Sign  _____
(verified by)          (Grantor / Grantee / Owner / Agent) circle one

**Form RT-1**

STATE OF ALA. MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
RLPY BOOK/ PG 0659-0653 2321 Oct 04 11:15AM
J G LOVE, III
JUDGE OF PROBATE
E-FILED

INDEX    $1.00
DEED FEE  $11.00
CERT     $1.00
NO DEED TAX
ACH TOTALS12.00
E-RECORDED 418333Chck: 5101 11:15AM

RLPY 05716 PAGE 0390

*Ex 6*
*Pg 1 of 3*

## Verified Statement of Lien

State of Alabama
County of Montgomery

AWA Inc files this statement in writing, verified by the oath of AWA Inc, DBA Clayton Thomason General Contractor who has personal knowledge of the facts herein set forth:

That said AWA Inc DBA as Clayton Thomason General Contractor of 901 Seibles Road as (the "Claimant") claims a lien upon the following property, situated in Montgomery County, Alabama, in the city or town of Montgomery, to wit: 901 Seibles road
Address.

This lien is claimed, separately and severally, as to both the buildings and improvements thereon, and the said land.

That said lien is claimed to secure an indebtedness of $180,00.00, plus any recoverable interest and fees, from to wit, the 17th day of November, 2019, to the 17th day of November, 2021 for: Restoration - Required Maintenance due to Flooding & Termite Damage. Resetting Foundation Piers, Laying Block, Removing & Replacing Floor Joists due to wood rot fungus as a result of flooding waters. The Subflooring & floor coverings all were replaced. The Interior Finishing were replaced after rot was removed included but not limited to the following:  Wall Studs, Drywall, Painting, Floor Tile, Ceiling fans. The Electrical Box was Upgrade due to code violations. The Heating & Cooling System is being replaced due to flooding waters compromising the coil. Installation of French Drains to carry water away from the house were dug after 14 large Trees were removed; wherein the trees and or roots were preventing the drains from working. Thereafter Stumps were Grinded,  and a Termite Treatment along with a Bond. The Roofing Material and decking was removed due to the multiple tree limbs falling in the house due to the flooding. The water caused the front cement porch to buckle and required replacement. The Road leading into the property had to be removed and replace as the City of Montgomery installed a new drain at edge of property and dug down 4 feet to allow the drain lines to have a fall to the drain. Contractor was required to purchased 2 large drain pipes. The work is ongoing with a completion date of January 15, 2022.

The name of the owner or proprietor of the said property is Deutsche Bank National Trust Company as Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABA 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS20 of 60 Wall Street,  New York, NY 10005.

RLPY 05716 PAGE 0391

Ex 6
pg 2 of 3

*Mechanic's Lien*

(Signature)

AWA Inc DBA Clayton Thomason General Contractor (Claimant)

RLPY 05716 PAGE 0392

*Ex 6*
*Page 3 of 3*

*Mechanic's Lien*

## NOTARY ACKNOWLEDGMENT

State of Alabama
County of Montgomery

Before me, *Shaunté Goldsmith*, a notary public in and for the county of *Montgomery*, State of Alabama, personally appeared AWA Inc, DBA as Clayton Thomason General Contractor, who being duly sworn, doth depose and say: That he has personal knowledge of the facts set forth in the foregoing statement of lien, and that the same are true and correct to the best of his knowledge and belief.

Signature

AWA Inc, DBA Clayton Thomason General Contractor Affiant

Subscribed and sworn to before me on this the 18th day of November, 2021, by said affiant.

Signature

Notary Public

Shaunté Goldsmith
NOTARY PUBLIC
ALABAMA
Commission Expires 12/12/2022

This instrument was prepared by
Name *David Sawyer*
Address *3112 North Woodridge Road*
*Birmingham, Alabama 35223*
*205-913-3189*

STATE OF ALA.MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
RLPY 05716 PG 0390-0392 2021 Nov 18 03:28PM
J C LOVE, III
JUDGE OF PROBATE

| | |
|---|---|
| INDEX | $5.00 |
| REC FEE | $7.50 |
| CERT | $1.00 |
| CASH TOTAL | $13.50 |
| 420378 | Clerk: #102 03:36PM |