IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 2:22-cv-52-ECM |
| | ) | (WO) |
| DEUTSCHE BANK, TRUSTEE FOR | ) | |
| HOME EQUITY MORTGAGE LOAN | ) | |
| ASSET-BACKED TRUST SERIES | ) | |
| INABA 2006-A, HOME EQUITY | ) | |
| MORTGAGE LOAN ASSET-BACKED | ) | |
| CERTIFICATES SERIES INABS2006-A8, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

*Pro se* Plaintiff Steven Clayton Thomason ("Thomason") filed suit in State court seeking, *inter alia*, to set aside Defendant Deutsche Bank's ("Deutsche Bank") foreclosure of his property. (Doc. 1-1). Deutsche Bank removed the case to federal court, alleging diversity jurisdiction as the basis of the Court's subject matter jurisdiction. (Doc. 1 at 2). Now pending before the Court is Deutsche Bank's Motion to Dismiss (doc. 5), Thomason's Motion to Remand (doc. 11), and Thomason's Motion for Mediation (doc. 16). For the reasons that follow, Thomason's Motion to Remand is due to be denied; Deutsche Bank's Motion to Dismiss is due to be granted; and Thomason's Motion for Mediation is due to be denied as moot.

## I. FACTUAL BACKGROUND, PROCEDURAL HISTORY, AND PAST LITIGATION

### A. Factual Background

Thomason alleges that in 2005 he and his wife owned property (the "property") in Montgomery, Alabama. (Doc. 1-1 at 2). On November 28, 2005, Thomason's wife executed two promissory notes in favor of Eva Bank for approximately $78,000. *Id.* Thomason was not a party to the notes. *Id.* He avers that Eva Bank verbally informed his wife that it would re-finance the notes with her after two years to create a single note at a more acceptable and agreeable fixed interest rate. *Id.*

Thomason and his wife executed a mortgage (the "Mortgage") on the property with Mortgage Electronic Registration Systems, Inc. ("MERS") to secure the notes. *Id.* at 3. Thomason's wife died in October 2009. *Id.* The Mortgage was reassigned multiple times to different entities in the following years. *Id.* Thomason contends he was unsuccessful in "modify[ing] the loans into one loan with a fair interest rate" with the various holders of the Mortgage. *Id.* In March 2011, Thomason claims that Deutsche Bank, to whom the Mortgage was eventually transferred, notified him that "it had accelerated the unpaid balance of the debt owed . . . and was seeking a non-judicial foreclosure [of the property] pursuant [to] the mortgage." *Id.* After multiple delays and litigation spanning several years, Thomason asserts that Deutsche Bank foreclosed on the property on September 29, 2021. *Id.* at 4.

### B.  Procedural History

In December 2021, Thomason filed his present complaint in Montgomery County Circuit Court seeking to set aside the foreclosure of the property and to obtain a permanent injunction preventing any future foreclosure attempts. (Doc. 1-1 at 1–8).  In January 2022, Deutsche Bank removed the case to this Court and thereafter filed the pending motion to dismiss. (Doc. 5). Four months after removal, Thomason filed a Motion to Remand, (doc. 11), arguing that this Court lacked subject-matter jurisdiction.

### C.  Past Litigation

This is not the first dispute between Thomason and Deutsche Bank concerning the mortgage on the property. In fact, there have been at least four previous lawsuits filed by Thomason in which he asserted various claims against Deutsche Bank regarding the loan, mortgage, default, and/or foreclosure of the property. The Court takes judicial notice of the pleadings, orders, and judgments entered in those cases. *McGuire v. Marshall*, 512 F. Supp. 3d 1189, 1212-13 (M.D. Ala. 2021) (a court may "take judicial notice of the pleadings, orders, and judgment[s] entered in [previous cases] for purposes of [a] res judicata defense without converting [a] motion to dismiss into a motion for summary judgment") (citing *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013)).

### i.  *Thomason I*

Thomason filed his first suit in this Court regarding the loan and mortgage on the property in July 2012. *Thomason v. One West Bank, FSB, Indy Mac Bank, et al.*, 2:12-cv-604-MHT-WC ("*Thomason I*") (Docs. 1, 89). In that case, Thomason asserted claims arising from the loan and default related to the property. (*Id.* at doc. 89 at 4–34). The Court

granted summary judgment and entered judgment in the favor of the Defendants. (*Thomason I*, at doc. 214). Thomason then filed a notice of appeal that was dismissed because he failed to pay the filing and docketing fees. (*Id.* at doc. 234). The Court denied Thomason's motion for relief from final judgment and directed the Clerk of Court to enter final judgment.  (*Id.* at doc. 243).

### ii.  Thomason II

Thomason filed a second suit against Deutsche Bank in April 2019 in the Montgomery County Circuit Court. *Thomason v. Ocwen Loan Servicing, LLC, et al.*, 2:19-cv-256-ECM-SMD ("*Thomason II*") (Doc. 1). Thomason again asserted claims arising from the loan and default related to the property. (*Id.* at 3–21).  After the defendants removed the case to this Court, the Court dismissed the case with prejudice finding that the claims were barred by res judicata. (*Id.* at docs. 20, 21). Thomason filed a notice of appeal which was again dismissed because of his failure to pay the filing fee. (*Id.* at doc. 28).

### iii.  Thomason III

Thomason filed his third action against Deutsche Bank in April 2020, again in the Montgomery County Circuit Court, asserting claims arising from the loan and default related to the property. *Thomason v. Deutsche Bank National Trust Co. as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABA 2006-A, Home Equity Mortgage Loan asset-Backed Certificates Series INABS 2006-A8*, 2:20-cv-292-WKW-KFP ("*Thomason III*") (Doc. 1-1). The Court found that Thomason's claims were barred by both res judicata and a failure to meet the Rule 12(b)(6) standard. (*Id.* at doc. 26). Accordingly, the Court dismissed the case with prejudice and entered final judgment. (*Id.*

at docs. 26, 27). Thomason appealed and, in October 2021, the Eleventh Circuit dismissed the appeal based on Thomason's failure to prosecute. (*Id.* at doc. 33). In January 2022, the Circuit reinstated the appeal, which remains pending. (*Id.* at doc. 34).

### iv.  *Thomason IV*

Thomason filed his fourth action against Deutsche Bank in August 2021, again in the Montgomery County Circuit Court, asserting claims arising from the loan and default related to the property. *Thomason v. Deutsche Bank National Trust Co. as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABA 2006-A, Home Equity Mortgage Loan asset-Backed Certificates Series INABS 2006-A8*, 2:21-cv-650-ECM-SMD ("*Thomason IV*") (Doc. 1-1). After removal to this Court, Deutsche Bank filed a Motion to Dismiss arguing that Thomason's claims were barred by res judicata. (Doc. 5 at 10-12). Thomason filed Motions to Remand, asserting that this Court lacked subject matter jurisdiction. (*Id.* at docs. 7, 9). The Court ordered the parties to engage in jurisdictional discovery and ultimately denied the motion to remand. (Doc. 33).   Thereafter, Thomason filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a). (Doc. 34). After the self-executing dismissal, Deutsche Bank filed a motion for permanent injunction, seeking to enjoin Thomason from filing future cases involving the same property in the State court. (Doc. 36). The Court denied the request and noted that Deutsche Bank should seek its requested relief in State court. (Doc. 38).

## II.  LEGAL STANDARD

### A.  Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When removal is based on diversity jurisdiction, the defendant "bears the burden of establishing the jurisdictional amount [in controversy] by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). Likewise, the removing party also bears the burden of establishing the citizenship of the parties. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). "A defendant . . . desiring to remove any civil action from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). In the removal context, jurisdictional facts are judged at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Generally, after a case has been removed to a federal court, a plaintiff may file a motion to remand the case to state court. *See* 28 U.S.C. § 1447. When considering a motion to remand, a court must examine whether it has jurisdiction over the case. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). "[28 U.S.C.] § 1447(c) implicitly recognizes two bases upon which a district court may . . . order a remand: when there is (1) a lack of subject-matter jurisdiction or (2) a defect other than a lack of subject-matter jurisdiction." *Id.*; *see also Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1241 (M.D. Ala. 2008) ("After removal, a party may move to remand to state court on the basis of any defect in the removal, including lack of subject matter jurisdiction."). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## B.  Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential [factual] allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (internal citations and quotations omitted). Indeed, the doors of discovery are not unlocked "for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

To determine whether a plaintiff has stated a claim, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then, if there are any well pleaded factual allegations remaining, assume their veracity and decide "whether they plausibly give rise to an entitlement to relief." *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal citations and quotations omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F. 3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### C. Pro Se Litigants

Federal courts must "show a leniency to pro se litigant(s) not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed *pro se* is "to be liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).[2] Importantly, a district court "does not have license to rewrite a deficient pleading," and— like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to

---

[2] While the Court recognizes that *Beckwith, supra*, is an unpublished opinion, the Court finds its analysis to be persuasive.

state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## III. DISCUSSION

### A.  This Court has subject matter jurisdiction over the Complaint.

A district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[,]" and is between "citizens of different States." 28 U.S.C. § 1332(a). Thomason claims that the Court lacks subject matter jurisdiction over his Complaint because the parties are not completely diverse. *See* Doc. 11. This argument appears to be based on Thomason's assertion that the Court cannot find that "there is no possibility [his] complaint has asserted a colorable claim against the bank entities T. Dylan Reeves and Natalie V. Walker who are Alabama Citizens." *Id.* at 1. Although he does not contest that the amount in controversy is met, this Court must nonetheless *sua sponte* make that determination. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020).

### i.     *The diversity requirement is met.*

To establish subject-matter jurisdiction under § 1332, there must be complete diversity among the parties—i.e., no party on one side of the suit can be a citizen of the same state as any party on the other side. *Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1323 (M.D. Ala. 2003) (citing *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Citizenship is determined by a party's domicile. *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) (citing *Jagiella v.*

*Jagiella*, 647 F.2d 561, 563 (5th Cir. 1981)). A person's domicile is the place of his true, fixed, and permanent home, where he intends to remain indefinitely. *Kasberger*, 273 F. Supp. 2d at 1226 (quotation and citations omitted). To determine whether complete diversity exists in the removal context, the Court looks to the citizenship of the parties at the time of removal. *Id.* at 1225 (citations omitted).

Here, Thomason named Deutsche Bank as the sole defendant in his Complaint. (Doc. 1-1at 1-2). T. Dylan Reeves and Natalie V. Walker are not identified as parties, nor are they mentioned anywhere else within the Complaint. They are not defendants. Therefore, for the purpose of determining whether this Court has diversity jurisdiction, the Court examines the citizenship of Thomason and Deutsche Bank because they are the only parties in this matter.[3]

Deutsche Bank, whose main office is in California, (doc. 1-2 at 2), is a California citizen. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (holding that a national bank is a citizen of the state in which its main office is located, as designated by its articles of association). In its Notice of Removal, Deutsche Bank asserts that Thomason is an Alabama citizen based on his allegation that he is the homeowner of the subject property in Alabama and that he "resides in Montgomery County, Alabama[.]" (Doc. 1-1 at 1). Additionally, Deutsche Bank contends that Thomason has exhibited an intent to remain in

---

[3] To the extent Thomason is attempting to argue that diversity is destroyed because the Court should infer that Reeves and Walker are parties to the litigation, the Court declines to do so. Thomason is a frequent litigant in this Court and has sufficient knowledge to name the persons and entities whom he intends to sue, as evidenced by the section of his Complaint explicitly naming the Defendant.

Alabama based on "his claims seeking to maintain ownership of and residence at the [p]roperty." *Id.*

The Court finds that Deutsche Bank has met its burden to show that Thomason is an Alabama citizen. In addition to the allegations in Thomason's Complaint, the Court also takes judicial notice of the jurisdictional discovery documents filed in *Thomason IV*, which explicitly confirm that Thomason is a citizen of Alabama.[4] In these documents—which were filed less than four months after this case was removed to this Court and a mere nine days prior to Thomason's filing of the pending motion to remand—Thomason confirmed that (1) Alabama is his home state; (2) he lives in Montgomery, Alabama; and (3) he intends to remain at his home in Montgomery, Alabama. (*Thomason IV*, doc. 27 at 1). It is also notable that since 2012 (when Thomason filed his initial suit against Deutsche Bank), he has claimed residence in Montgomery County, Alabama. (*Thomason I*, doc. 1; *Thomason II,* doc. 1-1; *Thomason III*, doc. 9; *Thomason IV,* doc. 1-1). Based on (1) the fact that Thomason's residence has not changed in the ten years litigation has been ongoing; (2) Thomason's own contemporary admissions regarding his Alabama citizenship in *Thomason IV* and its temporal proximity to the removal of this suit; and (3) the allegations

---

[4] *See* FED. R. EVID. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Wright & Miller § 1351 Motions to Dismiss—Lack of Jurisdiction Over the Person (Apr. 2022) ("When a federal court is considering a challenge to its jurisdiction over a defendant or over some form of property, the district judge has considerable procedural leeway in choosing a methodology for deciding the motion. The court may receive and weigh the contents of affidavits and any other relevant matter submitted by the parties to assist it in determining the jurisdictional facts."); *Matter of CrossPlex Village QALICB, LLC*, 2021 WL 886377, at *1 n.2 (N.D. Ala. Mar. 9, 2021) ("Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files and does so in this case."); *Markland v. Insys Therapeutics, Inc*., 270 F. Supp. 3d 1318, 1323 (M.D. Fla. Sept. 15, 2017) (taking judicial notice of documents in publicly filed probate records to resolve the issue of standing).

in the Complaint, the Court concludes that, at the time this matter was removed in January 2022, Thomason was domiciled in Alabama and had an intent to remain in Alabama. As such, the Court finds that the parties are citizens of different states, thereby satisfying the complete diversity requirement.

### ii.   The amount in controversy requirement is met.

When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from that plaintiff's perspective. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition[.]" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). In a diversity case, the amount in controversy requirement will be deemed met unless it "appears to a legal certainty that [a] plaintiff's claim is actually for less than the jurisdictional amount." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (internal quotation omitted) (citing *St. Paul's Indem. Corp. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

Thomason seeks to recover $250,000 in "maintenance upkeep" on the property and to enforce a mechanics lien he filed. (Doc. 1-1 at 10). He also seeks to set aside the foreclosure of the property and to prevent future foreclosures of the property. (*Id.* at 4-8). When injunctive relief is sought, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Edge v. Blockbuster Video, Inc.*, 10 F. Supp. 2d 1248, 1251 (N.D. Ala. 1997) (citing *Hunt v. Wash. State Apple Advert.*

*Comm'n*, 432 U.S. 333, 347 (1977)). Moreover, the value of the object is measured from the plaintiff's point of view. *Blake v. Bank of Am., N.A.*, 2011 WL 2650849, at *3 (M.D. Ala. 2011) (citing *Ericcson GE Mobile Commc'ns Inc. v. Motorola Commnc'ns & Elecs., Inc.*, 120 F.3d 216 (11th Cir. 1997)); *see also Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (explaining that "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted"). Because Thomason is seeking injunctive relief to overturn a foreclosure and thereby retain title to the property, the amount in controversy is the value of the property from Thomason's perspective. *See Mapp v. Deutsche Bank Nat'l Tr. Co.*, 2009 WL 3664118, at *2 (M.D. Ala. 2009) (citing *Ericcson*, 120 F.3d at 219-20) (explaining that the relevant value to consider when ascertaining the amount in controversy when plaintiff seeks injunctive relief is the value of the right he is seeking to enforce).

If the foreclosure were to be overturned and a permanent injunction granted, Thomason would receive a benefit equaling the entire value of the property. In its Notice of Removal, Deutsche Bank includes a document from Montgomery County appraising the value of the property at $123,900.   (Doc. 1-3 at 1). Without considering Thomason's request for additional damages—i.e., damages for maintenance upkeep and the mechanics lien—the value of the property itself satisfies § 1332's amount in controversy requirement. *See James v. U.S. Bank Nat'l Ass'n*, 2009 WL 2170045, at *2 (M.D. Ala. 2009) (citing *Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961)) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Mapp*, 2009 WL 3664118, at *1 (holding

that, because the plaintiff was seeking to prevent the foreclosure sale of his home, he was seeking to protect the entire bundle of rights associated with the ownership of his home, and thus the amount in controversy should be determined by the value of the home itself). Therefore, Deutsche Bank has demonstrated that the amount in controversy exceeds $75,000.

### iii.   Deutsche Bank has satisfied its burden to show that this Court has diversity jurisdiction over Thomason's Complaint.

Deutsche Bank has demonstrated that the parties in this action are completely diverse and that the amount in controversy exceeds $75,000. As such, both requirements under § 1332 are satisfied. Accordingly, the Court finds that it has subject matter jurisdiction over this matter and that Thomason's Motion to Remand (doc. 11) is due to be denied.

### B.   Thomason's claims are barred by res judicata.

"A fundamental precept of common-law adjudication, embodied in the related doctrine of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .'" *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *S. Pac. R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)).[5] "Under res judicata, a final judgment on the merits bars further claims

---

[5] "'Res judicata comes in two forms: claim preclusion . . . and issue preclusion . . . .'" *Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1164, 1170 (11th Cir. 2018) (quoting *Comm. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011)). "Claim preclusion 'forecloses successive litigation of the very same claim, whether or not re-litigation of the claims raises the same issues as the earlier suit.'" *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 856 (11th Cir. 2018) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotation marks omitted). "Issue preclusion, in contrast, 'bars successive litigation of an issue of

by parties or their privies based on the same cause of action." *Montana*, 440 U.S. at 153 (citing *Lawlor v. Nat'l Screens Svs. Corp.*, 349 U.S. 322, 326 (1955); *Cromwell v. Cty. of Sac.*, 94 U.S. 351, 352 (1877)). "The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (alterations in original) (quoting *Montana*, 440 U.S. at 153-54). Importantly, "[r]es judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale*, 193 F.3d at 1238 (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)).

> Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

*Ragsdale*, 193 F.3d at 1238 (citing *Citibank*, 904 F.2d at 1501). Here, the elements of res judicata are satisfied.

### i. Both Thomason and Deutsche Bank have been parties in the previous suits.

In *Thomason I*, *Thomason II*, *Thomason III*, and *Thomason IV*, Thomason was a plaintiff and Deutsche Bank was a defendant. *See Thomason I*, doc. 89; *Thomason II*, doc.

---

fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Seminole Tribe of Fla.* 757 F. App'x at 856 (quoting *Taylor*, 553 U.S. at 892) (quotation marks omitted). "Because the distinction between claim preclusion and issue preclusion makes no difference [in this matter], [the Court] refer[s] to both or either simply as 'res judicata.'" *Stardust*, 899 F.3d at 1170.

1-1; *Thomason III*, doc. 9; and *Thomason IV*, doc. 1-1). As such, the parties in this case are identical to those in the previous *Thomason* cases.

###        ii.        The causes of action are the same.

"In the Eleventh Circuit, '[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substances of the actions, not their form.'" *Ragsdale*, 193 F.3d at 1239 (quoting *Citibank*, 904 F.2d at 1503 (citations omitted)). "'[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [ ] the two cases are really the same "claim" or "cause of action" for purposes of res judicata.'" *Ragsdale*, 193 F.3d at 1239 (quoting *Citibank*, 904 F.2d at 1503).

In previous cases, Thomason asserted claims based on the subject property and its mortgage, default, and/or foreclosure. *See Thomason I*, doc. 89 at 4-20; *Thomason II, d*oc. 1-1 at 3-11; *Thomason III*, doc. 9 at 3-5; *Thomason IV*, doc. 1-1 at 2, 7–9. In the present action, Thomason again asserts claims arising from that same property, mortgage, default, and foreclosure. (Doc. 1-1). Therefore, the causes of action in this matter are the same as the causes of action litigated in the prior cases.

###        iii.        There are final judgments on the merits in prior litigation.

In previous *Thomason* cases, this Court entered final judgments on the merits. (*Thomason I*, doc. 214, granting summary judgment; *Thomason II,* docs. 20, 21, granting motion to dismiss and dismissing case with prejudice; *Thomason III*, docs. 26, 27, granting

motion to dismiss and dismissing case with prejudice);[6] *see Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981) (noting that the granting of summary judgment is a disposition on the merits of the case); *Solis v. Glob. Acceptance Credit Co., L.P.*, 601 F. App'x 767, 770 (11th Cir. 2015) (citing *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013)) (holding that a previous court's dismissal with prejudice based on Federal Rule of Civil Procedure 12(b)(6) was a final judgment on the merits); *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (explaining that under federal common law, "a final judgment retains all of its res judicata consequences pending decision of the appeal" (internal quotations omitted)).

### iv. *The previous judgments were rendered by courts of competent jurisdiction.*

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-10 (1983)). As previously discussed, a district court also has "original jurisdiction of all civil actions where the matter in controversy exceeds

---

[6] In *Thomason IV*, the Plaintiff filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) which was self-executing.  The case was dismissed without prejudice by operation of law.  (Doc. 35).

the sum or value of $75,000, exclusive of interest and costs[,]" and is between "citizens of different States." 28 U.S.C. § 1332(a).

In *Thomason I*, Thomason asserted claims arising under various federal statutes, including 15 U.S.C. § 1691(a), 42 U.S.C. § 1981, and 12 U.S.C. § 2601. (*Thomason I*, doc. 89 at 22-26). Thus, this Court had subject-matter jurisdiction to hear Thomason's claims pursuant to 28 U.S.C. § 1331. (*Id.* at doc. 30). Likewise, in *Thomason II*, because the Federal Deposit Insurance Corporation was a named party, this Court had jurisdiction pursuant 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(B). (*Thomason II*, doc. 1 at 2-4). Finally, in *Thomason III* and *Thomason IV*, because Thomason was an Alabama citizen and Deutsche Bank was considered a California citizen, and because the amount in controversy exceeded $75,000, this Court had jurisdiction pursuant to 28 U.S.C. §§ 1332, 1348. (*Thomason III*, doc. 26; *Thomason IV*, doc. 33). As such, the judgments in the previous cases were rendered by courts of competent jurisdiction.

### v.   *The res judicata elements are satisfied.*

Because the elements of res judicata are satisfied, Thomason has had a full and fair opportunity to litigate the claims he asserts in this case. Therefore, he is barred from relitigating these claims—or claims that could have been raised—in *Thomason I*, *II*, *III* and *IV*. *See Seminole Tribe of Fla.*, 757 F. App'x at 861. As such, the Court concludes that Thomason's claims are barred by res judicata.

## IV.  VEXATIOUS LITIGANT

Despite being repeatedly told by this Court (and probably others) that his claims against Deutsche Bank are without merit, Thomason has not been deterred. He has

18

Case 2:22-cv-00052-ECM-SMD   Document 22   Filed 09/21/22   Page 19 of 20

continued to file the same or substantially the same claims against Deutsche Bank involving the foreclosure of the property. Thomason's suits have wasted valuable Court resources and have forced Deutsche Bank to expend time and to defend itself on multiple occasions. In short, Thomason has become an abusive and vexatious litigant.

In order to prevent him from continuing to impair this Court's function and harass Deutsche Bank and others, the Court enjoins Thomason from filing, in this Court, future suits against Deutsche Bank or other individuals and/or entities with whom Thomason claims to be aggrieved pertaining to the subject property, its mortgage, and/or its foreclosure. *See Shell v. U.S. Dep't of Hous. & Urb. Dev.*, 355 F. App'x 300, 308 (11th Cir. 2009) (explaining that district courts enjoy considerable discretion in drafting injunctions that prevent litigants from impairing a court's Article III function through abusive and vexatious litigation); *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993) ("The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" (emphasis in original) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986))). Further, the Court cautions Thomason that any future cases pertaining to the subject property that are removed to this Court could be summarily dismissed.

19

**V.  CONCLUSION**

Accordingly, it is the

ORDERED that Thomason's Motion to Remand (doc. 11) is DENIED, Deutsche Bank's Motion to Dismiss (doc. 5) is GRANTED, and this case is DISMISSED with prejudice. It is further

ORDERED that Thomason's Motion for Mediation (doc. 16) is DENIED as MOOT. It is further

ORDERED that Thomason is ENJOINED from filing in this Court, any suit against Deutsche Bank or other individuals and/or entities with whom he claims to be aggrieved pertaining to the subject property, its mortgage, and/or its foreclosure.

Done this 21st day of September, 2022.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE